# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LORALEE STANTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-2478-CM |
| | ) | |
| THE GREENS AT SHAWNEE | ) | |
| APARTMENTS MANAGEMENT | ) | |
| COMPANY, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## SCHEDULING ORDER

On September 28, 2011, pursuant to Fed. R. Civ. P. 16(b), the court conducted a telephone scheduling conference in this case with the parties.[1]  Plaintiff appeared through counsel Jeremiah Johnson.  Defendant appeared through counsel Richmond M. Enochs.

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

---

[1]As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | 10/10/11 |
| Defendant's settlement counter-proposal | 10/24/11 |
| Confidential settlement reports to magistrate judge, with identification of agreed-upon mediator or other ADR neutral | 10/31/11 |
| Mediation or other ADR process completed | 12/30/11 |
| Initial disclosures exchanged | 10/14/11 |
| All discovery completed | 4/2/12 |
| Experts disclosed by plaintiff | 1/30/12 |
| Experts disclosed by defendant | 3/30/12 |
| Independent medical examinations | 3/16/12 |
| Supplementation of disclosures | 2/22/12 |
| Motions to join additional parties or otherwise amend the pleadings | 11/14/11 |
| Motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim | 11/14/11 |
| All other potentially dispositive motions (e.g., summary judgment) | 5/2/12 |
| Motions challenging admissibility of expert testimony | 28 days before trial |
| Final pretrial conference | 4/18/12 at 9:30 a.m. |
| Proposed pretrial order due | 4/11/12 |
| Trial | 11/5/12 at 1:30 p.m. |

1.      **Alternative Dispute Resolution (ADR).**

a.      By **October 10, 2011,** plaintiff shall submit to defendant a good faith proposal to settle the case. By **October 24, 2011,** defendant shall make a good faith response to plaintiff's proposal, either accepting the proposal or submitting defendant's own good faith proposal to settle the case. By **October 31, 2011,** each of the parties shall submit independently, by way of e-mail or letter (preferably the former), addressed to the magistrate judge (but not the district judge), a confidential settlement report. These reports shall briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations and the overall prospects for settlement, and a specific recommendation regarding mediation and/or any other ADR method, together with an indication concerning who has been selected by the parties (preferably jointly) to serve as a mediator or other neutral in an ADR process. These reports need not be served upon opposing parties and **shall not** be filed with the Clerk's Office.

b.      Settlement may be enhanced by use of mediation. Counsel shall provide the name of an agreed-upon mediator to the court, and the scheduled date of the mediation, as part of the above-described confidential settlement reports; if the parties are unable to jointly agree upon a mediator, each shall suggest a mediator and then the court will select a mediator. Absent further order of the court, the ADR process shall be held no later than **December 30, 2011,** before the mediator chosen by the parties or selected by the court. An ADR report, on the form located on the court's Internet website, must be filed by defense counsel within five days of the scheduled ADR process (*http://www.ksd.uscourts.gov/attorney/adr/adrreport.pdf*).

2.    **Discovery.**

a.    The parties shall exchange by **October 14, 2011,** the information required by Fed. R. Civ. P. 26(a)(1). In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without any need for formal requests for production, copies of the various documents described in the parties' respective Rule 26(a)(1) disclosures shall be exchanged by **October 14, 2011.**   The parties are reminded that, although Rule 26(a)(1) is keyed to disclosure of information that the disclosing party "may use to support its claims or defenses, unless solely for impeachment," the advisory committee notes to the 2000 amendments to that rule make it clear that this also requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party.  In addition to other sanctions that may be applicable, a party who without substantial justification fails to disclose information required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.  *See* Fed. R. Civ. P. 37(c)(1).

b.    All discovery shall be commenced or served in time to be completed by **April 2, 2012.**

c.    The parties intend to serve disclosures and discovery electronically, as permitted by D. Kan. Rules 5.4.2 and 26.3.

d.    Consistent with the parties' agreements as set forth in the planning conference report submitted pursuant to Fed. R. Civ. P. 26(f), electronically stored information (ESI) in

this case will be handled as follows: The parties do not believe that ESI will require any specific proposal at this time; however, plaintiff reserves the right to conduct discovery regarding ESI related to the stairs, building plans, maintenance and items related thereto.

e. Consistent with the parties' agreements as set forth in their Rule 26(f) report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows: None at this time.

f. No party shall serve more than **30** interrogatories, including all discrete subparts, to any other party. No party shall serve more than **30** requests for production to any other party.

g. There shall be no more than **10** depositions by plaintiff and **10** by defendants, collectively.

h. Each deposition shall be limited to **7** hours. All depositions shall be governed by the written guidelines that are available on the court's Internet website,

*(http://www.ksd.uscourts.gov/guidelines/depoguidelines.pdf).*

i. Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served by plaintiff by **January 30, 2012,** and by defendant by **March 30, 2012.** The parties have stipulated that rebuttal experts will not be permitted in this case. The parties shall serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures upon them. These objections should be confined to technical

objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based on those objections. As noted below, any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown; otherwise, the objection to the default, response, answer, or objection shall be deemed waived. *See* D. Kan. Rule 37.1(b).

j. The parties shall complete all Fed. R. Civ. P. 35 physical or mental examinations by **March 16, 2012.** If the parties disagree about the need for or the scope of such an examination, a formal motion shall be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties and decided by the court before the examination deadline.

k. Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served by **February 22, 2012,** which is approximately 40 days before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify the universe of all

witnesses and exhibits that probably or even might be used at trial.  The rationale for the mandatory supplemental disclosures 40 days before the discovery cutoff is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures, which as explained below usually are filed 21 days before trial, that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial.  *See* Fed. R. Civ. P. 37(c)(1).

l. At the final pretrial conference after the close of discovery, the court will set a deadline, usually 21 days prior to the trial date, for the parties to file their final disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A)(i), (ii) & (iii).  As indicated above, if a witness or exhibit appears on a final Rule 26(a)(3) disclosure that has not previously been included in a Rule 26(a)(1) disclosure (or a timely supplement thereto), that witness or exhibit probably will be excluded at trial.  *See* Fed. R. Civ. P. 37(c)(1).

m. The parties agree that there is not presently a need for discovery in this case to be governed by a protective order.  If the parties later agree concerning the need for and scope and form of such a protective order, their counsel shall confer and then submit a jointly proposed protective order.  Such jointly proposed protective orders should be drafted in compliance with the written guidelines that are available on the court's Internet website:

*(http://www.ksd.uscourts.gov/guidelines/protectiveorder.pdf).*

At a minimum, such proposed orders shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c).  If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

n.    To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a).  Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports.  *See* D. Kan. Rule 26.4(b).

**3.    Motions.**

a.    Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by **November 14, 2011.**

b.    Provided that such defenses have been timely preserved, any motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim upon which relief can be granted shall be filed by **November 14, 2011.**

c.    All other potentially dispositive motions (e.g., motions for summary judgment) shall be filed by **May 2, 2012.**

d.      All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid.

702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire*

*Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed no later than 28

days before trial.

e.      Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2

shall be filed and served within 30 days of the default or service of the response, answer, or

objection which is the subject of the motion, unless the time for filing such a motion is

extended for good cause shown.  Otherwise, the objection to the default, response, answer, or

objection shall be waived.  *See* D. Kan. Rule 37.1(b).

**4.      Other Matters.**

a.      By **November 28, 2011,** any party asserting comparative fault shall identify all

persons or entities whose fault is to be compared.

b.      Pursuant to Fed. R. Civ. P. 16(e), a final pretrial conference is scheduled for

**April 18, 2012, at 9:30 a.m.,** in the U.S. Courthouse, Room 470, 444 SE Quincy, Topeka,

Kansas, or by telephone if the judge determines that the proposed pretrial order is in the

appropriate format and that there are no other problems requiring counsel to appear in person.

Unless otherwise notified, the undersigned magistrate judge will conduct the conference.  No

later than **April 11, 2012,** defendant shall submit the parties' proposed pretrial order

(formatted in Word or WordPerfect 9.0, or earlier version) as an attachment to an Internet e-

mail sent to *ksd_sebelius_chambers@ksd.uscourts.gov*.  The proposed pretrial order shall not

be filed with the Clerk's Office.  It shall be in the form available on the court's Internet

website (*www.ksd.uscourts.gov*), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases.*

c.      The parties expect the trial of this case to take approximately 3 days.  This case is set for trial on the Judge Murguia's docket beginning on **November 5, 2012, at 1:30 p.m.** Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.  Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

d.      The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

e.      The arguments and authorities section of briefs or memoranda submitted shall not exceed 30 pages, absent an order of the court.

This scheduling order shall not be modified except by leave of court upon a showing of good cause.

**IT IS SO ORDERED.**

Dated this 28th day of September, 2011, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

-10-