IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LORALEE STANTON, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>THE GREENS AT SHAWNEE )<br>APARTMENTS MANAGEMENT )<br>COMPANY, LINDSEY )<br>MANAGEMENT COMPANY, INC., and )<br>JOHN DOE 1-3, )<br>)<br>Defendants. )<br>_____ ) | Case No. 11-2478-CM |

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff's motion to remand (Doc. 38). For the reasons below, the court denies the motion. Plaintiff originally filed this personal-injury action against defendants in Wyandotte County District Court. Plaintiff's state-court petition asks for judgment in her favor "in an amount in excess of $250,000.00, for attorney's fees as allowed by law, and for any other relief the court deems just and proper." (Doc. 1-1 at 6.) Defendants removed the case to this court, asserting that the court has diversity jurisdiction under 28 U.S.C. § 1332. On December 13, 2012, plaintiff filed the instant motion to remand, stating that she now wishes to amend her complaint to claim less than the jurisdictional amount. Plaintiff attached an amended petition to her motion to remand, which asks for "judgment in her favor for $70,000, for attorney's fees as allowed by statute, and for any other relief the court deems just and proper." (Doc. 38-2 at 5). Plaintiff did not file a formal motion to amend her complaint.

Plaintiff's state-court petition clearly sought an amount in excess of $75,000. In addition, defendants and plaintiff are citizens of different states.[1] As a result, diversity jurisdiction is proper. *See* 28 U.S.C. § 1332. In an effort to avoid federal jurisdiction, plaintiff offers an amended petition seeking $70,000 plus attorneys' fees and costs. Plaintiff did not seek leave to file an amended complaint. And, therefore, this amended petition is not properly before the court. Local Rule 15.1.

Even if the court considered the amended petition, plaintiff's attempted amendment of her claim to an amount less than $75,000 does not deprive this court of diversity jurisdiction. "The amount in controversy requirement is ordinarily determined by the allegations of the complaint or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995) (citation omitted). Here, plaintiff's state-court petition alleged damages in excess of $250,000, and defendants noted the same in their notice of removal. Accordingly, it is undisputed that the amount-in-controversy requirement is satisfied.

In *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938), the court stated that when "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings reduces the claim below the requisite amount, this does not deprive the court of jurisdiction." Here, this is precisely what plaintiff attempts to do. Jurisdiction attaches at the time of removal, and therefore events occurring after removal "which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *Id*. at 293. The court further elaborated on this conclusion, stating:

> We think this well established rule is supported by ample reason. If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice. The claim, whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election. If he does not desire to try his case in the federal court he may resort to the expedient of

---

[1] The parties do not dispute diversity of citizenship.

>suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.

*Id.* at 294; *see also Berning v. Crop Prod. Servs., Inc.*, No. 11-2359-EFM, 2011 WL 3704710, at *2 (D. Kan. Aug. 23, 2011) (collecting multiple authorities supporting proposition that diversity jurisdiction attaches at the time of removal and cannot be destroyed if plaintiff later amends the complaint to reduce the amount in controversy).

Here, diversity jurisdiction attached at the time defendants filed their notice of removal. Plaintiff may not destroy diversity jurisdiction by an informal request to amend her petition to reduce the amount in controversy. For these reasons, plaintiff's motion is denied.

In their response, defendants note that if plaintiff were to stipulate that (1) she seeks less than $75,000 in this case, and (2) if any judgment or verdict is awarded in excess of that amount, she agrees to have the verdict and/or judgment reduced to less than $75,000, then defendants would not challenge remand. Plaintiff did not file a reply addressing this issue. Even if the parties had made such an agreement, the agreement would not divest this court of diversity jurisdiction. Should the parties desire to make such an agreement, plaintiff is free to file a voluntary dismissal based on this stipulation. Regardless, no such agreement is before the court and diversity jurisdiction remains.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 38) is denied.

Dated this   4th   day of January, 2013, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
