IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LORALEE STANTON,                )
                                )
                                )
        Plaintiff,               )
                                )
v.                              )
                                )   Case No. 11-2478-CM
                                )
THE GREENS AT SHAWNEE           )
APARTMENTS MANAGEMENT           )
COMPANY, LINDSEY                )
MANAGEMENT COMPANY, INC., and   )
JOHN DOE 1-3,                   )
                                )
        Defendants.              )
                                )

## MEMORANDUM AND ORDER

This matter comes before the court on defendants' motion to exclude testimony of plaintiff's treating physicians (Doc. 44).  Plaintiff did not file a response to defendants' motion.  For the reasons below, the court denies the motion.

On October 15, 2012, the court entered a memorandum and order ("Order") granting in part and denying in part defendants' motion for summary judgment (Doc. 37).  In its Order, the court addressed defendants' argument that plaintiff's failure to disclose any medical experts means she can produce no evidence regarding the permanency of her injuries.  The court found—and defendants cite this language in their motion—that a treating physician need not be disclosed as an expert witness so long as the physician does not provide expert testimony.[1]  (Doc. 37 at 6.)

---

[1] The court assumes that defendants filed this motion out of an abundance of caution.  Dr. Stueve was the only treating physician specifically mentioned in the court's Order, and thus defendants may have filed this motion to ensure that the court's findings apply to all treating physicians who may be called to testify on behalf of plaintiff.  The present motion was filed before plaintiff's witness list was filed.  However, plaintiff's witness list (Doc. 50) indicates that Dr. Stueve is the only treating physician plaintiff intends to call at trial.

-1-

The crux of defendants' present motion appears to concern whether plaintiff will call Dr. Stueve at trial to testify regarding plaintiff's treatment and injury, and whether this testimony will regard matters Dr. Stueve did not personally observe. In their motion, defendants again reproduced language and case law from the court's Order noting that non-expert treating physicians may not testify on matters not based on his or her personal observations made during the care and treatment of the party. Defendants ask the court to limit Dr. Stueve's testimony, and any other treating physician's testimony called by plaintiff at trial, to observations based on his own personal knowledge. Defendants also ask the court to exclude any testimony beyond the treating physician's personal knowledge as impermissible expert testimony.

The court has already addressed these concerns in its Order, noting that any testimony from Dr. Stueve, including testimony regarding the permanency of plaintiff's injury, must be based on his treatment and observation of plaintiff. The court clearly stated:

> So long as Dr. Stueve's testimony is limited to opinions he formed during his observation and treatment of plaintiff, the court will permit his testimony. Plaintiff must establish this foundation before Dr. Stueve is permitted to testify regarding these opinions, however. Additionally, the court will not permit Dr. Stueve's testimony as to any opinions going beyond the scope of the above-described opinions.

(Doc. 37 at 8.)

The court has not changed its stance on this issue. The court's Order and the case law it cites regarding testimony by Dr. Stueve should guide the parties as they prepare for trial.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Exclude Testimony of Plaintiff's Treating Physicians (Doc. 44) is denied.

Dated this 24th day of January, 2013, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**